MANUEL PÉREZ CRUZ ET AL., Plaintiffs and Appellants, *v.* RAMÓN CANCEL ET AL., Defendants and Appellees.

No. 10843. Argued December 3, 1953.—Decided June 7, 1954.

*David Curet Cuevas* for appellants. *Arcilio Alvarado* for appellee Mrs. Reinés. *J. M. Valentín Esteves* for appellee. Mr. Cancel.

MR. JUSTICE MARRERO delivered the opinion of the Court.

When Domingo Pérez Provecho died intestate on August 5, 1931, there was recorded in the Registry of Property, in his name and that of his wife Juana Cruz Travieso, a piece of property having an area of 10.63 cuerdas. [1] Pérez Provecho was survived by his wife and his legitimate children Manuel, Roque, Domingo, and María Mercedes, who became the sole owners, jointly and undividedly, of the property in question, in a proportion of one-half to the widow and the other one-half to the four children in equal shares. Since property taxes were owing on both properties,[2] which after consolidation formed the property of 10.63 cuerdas, the Treasurer of Puerto Rico in 1935 filed separate distress proceedings which resulted in the public sale and award of both properties to Nicolasa Acosta, wife of defendant Ramón Cancel. Thereafter the acquirer and her husband sold the property—it appeared in the Registry as a single piece of property—after making certain improvements, to Ramón Cruz, who afterwards sold it to Efraín S. Sánchez and the latter sold it in turn to Rosa Navarro Vda. de Reinés, in whose name it is now recorded. Juana Cruz Travieso, co-owner of the property of 10.63 cuerdas and mother of plaintiffs, also died intestate on August 14, 1944.

At this point, on July 5, 1949 the four children of the original owners of the two properties in question filed an action of nullity of acts, revendication and claim for fruits. They contend therein, in brief, that the distress proceedings instituted by the Treasurer of Puerto Rico against the two aforementioned properties were wholly void on the ground that no notice of the attachments was given to each and every owner thereof, namely, Juana Cruz Travieso and Manuel, Roque, Domingo, and María Mercedes Pérez Cruz, the first

---

[1] The property of 10.63 cuerdas was formed by consolidating two small properties of 2.63 and 8 cuerdas respectively.

[2] The properties, though consolidated, continued to be two separate properties for tax purposes.

being the owner as surviving spouse of one-half of the properties, and the remaining four of the other one-half. They also claimed damages which, according to their contention, may be reasonably computed at the rate of $150 a year as of the day they were deprived of the enjoyment of such properties.

Each and every acquirer of the properties in question, with the exception of Efraín S. Sánchez, is a defendant to the suit. However, the latter also appeared in the proceeding at the instance of Rosa Navarro Vda. de Reinés, who moved that he be summoned in pursuance of the provisions of the Civil Code dealing with eviction cases.[3] After several questions of law which we need not recite here were raised, the case was heard and judgment was rendered by the lower court dismissing the complaint and ordering plaintiffs to pay the costs and $200 for attorney's fees. In its findings of fact the court stated that the public sales held were legal; that since plaintiffs Roque and Domingo Pérez Cruz had executed, subsequent to the awards made, a deed recognizing the validity of the sales and conveying all their rights and actions in the real property in litigation, they are now estopped from assailing the validity of the sales; that plaintiff Manuel Pérez Cruz is presumed to be dead, wherefore he is not a party to the proceeding, the counsel for the other plaintiffs does not demonstrate his representativeness and they should be stricken from the action; and that defendant Ramón Cancel was at all times a bona fide owner.

 Plaintiffs' first contention is that the Superior Court erred in holding that the distress proceeding for the collection of taxes instituted against the property[4] sought to be revendicated, was legal. Appellants are right. In 1935 Domingo Pérez Provecho was deceased, and the owners

---

[3] See Secs. 1364 to 1372 of the Civil Code, 1930 ed.

[4] As a matter of fact, two separate distress proceedings were instituted: one against the property of 8 cuerdas and another against that of 2.63 cuerdas,

of the properties, as has been said, were his widow and the four children, plaintiffs herein. This notwithstanding, notice of the attachment levied on the property of 2.63 cuerdas was served solely and exclusively on "Domingo Pérez, Jr.", as taxpayer, and that levied on the property of 8 cuerdas on "Domingo Pérez" only,[5] as present owner. Since the person to whom notice was given was not the only owner of the properties involved in the distress proceedings, the proper procedure would have been to notify each and every person to whom the properties then belonged. As held in a great many cases, it is an indispensable requirement that notice of the attachment within the distress proceeding be served on each and every person appearing to be the owner of the property involved therein. A distress proceeding is void where notice thereof is served on one of the owners only, and not on each and every owner. *P. R. Water Resources Authority* v. *Registrar*, 71 P.R.R. 792; *Heirs of Arce* v. *Sierra*, 70 P.R.R. 803; *González* v. *Heirs of Díaz*, 69 P.R.R. 598; *Nieves* v. *Registrar*, 67 P.R.R. 1; *Cortés* v. *Registrar*, 58 P.R.R. 13; *González* v. *Pirazzi*, 23 P.R.R. 370. *Cf. Hernández* v. *Registrar of San Juan*, 30 P.R.R. 186. The failure to serve notice of the attachments is not cured by notice by edicts of the respective sales to "Domingo Pérez Provecho, as owner . . . or to his unknown heirs or assigns." *Nieves* v. *Registrar, supra.* The lower court therefore erred in concluding that the distress proceedings were valid against each and every plaintiff. They were valid only as respects Domingo Pérez Cruz, the sole owner served with notice. *González* v. *Heirs of Díaz, supra.*

However, the record contains a deed executed August 17, 1935—the two properties were awarded on July 31, 1935—in which it is set forth that the parties thereto,

---

[5] We are taking for granted that Domingo Pérez, Jr., and Domingo Pérez, served with notice of both attachments, was none other than plaintiff Domingo Pérez Cruz, since, we repeat, Domingo Pérez Provecho was dead by that time.

Roque and Domingo Pérez Cruz, are the co-owners undividedly of one-fourth part each of one-half of the property of 10.63 cuerdas by inheritance from their deceased father; that that property was sold publicly by the other appearing party, Nicolasa Acosta de Cancel, in a tax sale executed on July 31 of that year; that the former, namely, Roque and Domingo, have agreed to sell to the other appearing party (Nicolasa Acosta) their hereditary rights and actions in the described property, and do sell by that deed for the agreed price of $18.75 for each condominium; and that "the vendors expressly and formally waive all right of redemption which may accrue to them as a result of the purchase at a public sale of the described property by the second appearing party, as stated above, the amount of such sale being the consideration for such waiver." The scope of that deed is not what the trial court attributed to it. Domingo and Roque did in no wise recognize thereby the validity of the distress proceeding. Such proceeding being void *per se* and hence nonexistent, any subsequent action on their part does not amount to a ratification. *González* v. *Heirs of Díaz*, 69 P.R.R. 598, 613. *Cf. Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388, 402; *González et al.* v. *Fumero et al.*, 38 P.R.R. 497, 506. However, Roque and Domingo have no cause of action as respects the condominium sold by them of one-fourth of one-half of the properties which each of them owned at that time in the properties sold at auction, and are therefore barred from bringing action in connection with that condominium. This is not true, however, as respects the condominium which they inherited upon the death of Juana Cruz Travieso. It must be recalled that, upon her husband's death, Travieso became the owner of one-half of the properties which were auctioned thereafter. Any right accruing to her in the properties by virtue of the nullity of the distress proceedings, passed to her four children upon her death. Therefore, upon her death Roque and Domingo, like the other two children—Manuel and María

Mercedes—inherited all their mother's rights in the properties. Such rights, which amount to one-fourth of one-half of the properties for each, were not assigned by Roque and Domingo by virtue of the aforesaid-mentioned deed. Section 1223 of the Civil Code.[6] In connection therewith, Roque has a cause of action to petition the nullity of the sales, but not Domingo who was served with notice, as already stated, of the distress proceeding. The waiver of the right of redemption which is repeatedly mentioned throughout the deed, could not embrace that which was not Roque's at the time of signing the deed.

██ The trial court also erred in concluding that plaintiff Manuel Pérez Cruz is presumably dead. Although, according to the evidence presented at the trial, Manuel left the Island of Puerto Rico more than 20 years ago and his whereabouts have not been known for many years, still, under § 56 of the Civil Code, 1930 ed., the death of an absentee is presumed "After fifteen years have passed since the day on which the provisional possession of the estate of the absentee was awarded, or on which the husband or wife of the absentee took over the administration of the estate belonging to him or to her . . . or after ninety years have passed since the birth of the absentee . . ." There is no evidence in the case at bar that any of those requirements were met. The presumption of death cannot therefore arise. *Pillich* v. *Registrar*, 69 P.R.R. 870.

██ Although the appearance of an attorney is presumptive evidence of his authority to represent the person in whose name he appears—*Catoni* v. *Aybar*, 60 P.R.R. 629; *Miranda* v. *Pesquera*, 49 P.R.R. 231; *Asoc. de Padres Capuchinos* v. *District Court*, 44 P.R.R. 654—such presumption

---

[6] Section 1223 of the Civil Code, 1930 ed., provides in its pertinent part that:

". . . . . . .

"Nevertheless, no contract may be executed with regard to future inheritances, except those the object of which is to make a division *inter vivos* of the estate, according to Section 1009."

632

may, however, be attacked. *Claudio* v. *Palacios et al.*, 29 P.R.R. 768. In the instant case the attack was successful. Consequently, Manuel should be stricken from the suit. That elimination, however, in no way affects the outcome of the litigation, since the other co-owners—Roque and María Mercedes—could bring action to revendicate the property without joining the absentee as a party thereto. As stated by the learned text writer José Castán Tobeñas at p. 199, Vol. 2 of his treatise on *Derecho Civil Español Común y Foral*, 6th rev. ed., "The decisions of the Supreme Court (of Spain) admit that any co-owner may bring an action of revendication for the benefit of all (Judgments of April 6, 1896 and June 5, 1918); . . . In general, the Supreme Court considers it unassailable doctrine that any participant may appear in court in matters affecting the community rights, either to assert or to defend them, in which case the judgment rendered in his favor will inure to the benefit of his co-participants, who will not be prejudiced by an adverse judgment (Judgments of April 6, 1896, October 27, 1900, May 30, 1906, June 5, 1918, April 4, 1921, and December 18, 1933)." On this same point, the no less learned text writer Manresa expresses himself at p. 476, Vol. 3 of his Commentaries on the Spanish Civil Code, 6th ed., revised and enlarged, as follows:

"A similar situation also exists with respect to the characteristic action of dominion, for in the case of properties belonging undividedly to several persons any of the co-owners may bring an action of revendication for the benefit of all (judgment of April 6, 1896)."

Defendant Rafael Cancel was not a bona fide possessor. Under the law, a bona fide possessor is deemed to be a person who is not aware that there exists in his title, or in the manner of acquiring it, any invalidating flaw. Section 363 of the Civil Code, 1930 ed. Cancel knew that Domingo Pérez Provecho was dead when the distress proceeding was instituted. He also knew, notwithstanding

this, that notice of that proceeding was served on one of the co-owners only. He was therefore fully aware of the nullity of the distress proceeding and, hence, that his title was null and void.

Defendant Rosa Navarro Vda. de Reinés desires to be discharged from all responsibility alleging that she is a third-party mortgagee. According to § 27 of the Mortgage Law, a third person shall be considered one who has not been a party to the recorded instrument or contract. That Law also provides in § 33 that "instruments or contracts which are null under that law are not validated by their admission to record," and in § 34 that "notwithstanding the provisions of the foregoing article, instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry." Therefore, since the award in favor of Nicolasa Acosta, Cancel's wife, was void, the recording thereof in the Registry of Property did not validate that act. However, Cancel and his wife sold the property, as has been said, to Ramón Cruz and the latter to Efraín Sánchez, from whom Reinés acquired it for a valuable consideration. Since the defect of the acquisition by Cancel did not clearly appear from the Registry of Property, and since it has not been proved that Rosa Reinés intervened at all in the distress proceeding, the fact that Cancel and his wife's title is now annulled cannot in any way divest Rosa Reinés of her capacity as a third party. She should therefore be released from all responsibility in this action. See *Jiménez v. Álvarez*, 69 P.R.R. 299, 310; *Lizardi v. Caballero*, 65 P.R.R. 77; *Annoni v. Heirs of Nadal*, 59 P.R.R. 638; *Vives et al. v. Amorós Bros. et al.*, 34 P.R.R. 170; *Castelló et al. v. Pérez et al.*, 23 P.R.R. 763; *Cf. Cruz*

v. *Heirs of González*, 72 P.R.R. 291; *Rivera* v. *Meléndez*, 72 P.R.R. 414, 420; *Olmedo* v. *Balbín*, 69 P.R.R. 547; Morell, *Legislación Hipotecaria*, second corrected and enlarged edition (1925), p. 678; Roca Sastre, *Derecho Hipotecario*, Vol. 1, p. 506. The General Directorate of Registries, in confronting a problem similar to that raised herein by defendant, stated as follows in its Decision of July 8, 1911 (1911 Yearbook of the General Directorate of Registries, p. 195):

"Whereas: If the power of the Administration to annul administratively the sales awarded by it is unquestionable, it is likewise unquestionable that in the exercise of that power it must abide by the mortgage provisions, and that in this connection the *annulment cannot prejudice third parties who might have acquired their right for valuable consideration from one having such right for conveyance where the cause of the nullity does not clearly appear from the same* Registry. . . ." (Italics ours.)

The Directorate expressed the same view at p. 234 of the same Yearbook in its Decision of September 20, 1911. We fully subscribe to that view. See also the Judgments of May 13, 1903 of the Supreme Court of Spain (95 Jur. Civ. 778); June 6, 1902 (93 *Jur. Civ.* 911, 921); and June 12, 1894 (74 *Jur. Civ.* 769). In view of the foregoing, the case of *González et al.* v. *Pirazzi et al.*, 23 P.R.R. 370, is overruled so far as it holds that, where the right of an acquirer at a public sale carried out in a distress proceeding is null and void for lack of some legal requirement, the transfer of such right is also null and void.[7]

The judgment appealed from will be reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.

---

[7] Although in point 4 of the summary in *González* v. *Heirs of Díaz*, 69 P.R.R. 598, it is stated that:

"A tax sale of an immovable belonging to several co-owners where the Government failed to serve notice of the attachment for the payment of tax on each and every co-owner, *is null and void*

---

so far as it relates to the ownership or ownerships-in-common of
the co-owners who were not notified, *as well as the successive trans-
fers of said ownerships-in-common."* (Italics ours.)
without expressing the reason for the italicized assertion, the decision
was nonetheless correct. It is therein said that the successive acquirer
—Ramón Díaz Román—was aware of the defect which invalidated the
manner of acquiring as well as the title of his predecessors, and that
he could not be considered as a third person protected by § 34 of the
Mortgage Law. Under those circumstances, it is crystal-clear that the
conveyance made to him was null and void.